IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. MUMMA, II, | : | 1:10-cv-1469 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| PENNSY SUPPLY, INC., | : | |
| Defendant. | : | |

# MEMORANDUM

## October 1, 2010

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is Defendant Pennsy Supply, Inc.'s Motion to Dismiss in Favor of Arbitration (Doc. 11). The Court ordered supplemental briefing on the Motion, and the Court received supplemental submissions from Pennsy on June 25, 2010 (Doc. 25) and from Plaintiff Robert M. Mumma II ("Mumma") on September 1, 2010. (Doc. 34). Thus, this matter is ripe for our review.

### I. PROCEDURAL BACKGROUND

On June 16, 2010, Plaintiff commenced this action by filing a Complaint in Confession of Judgement. (Doc. 1). On that day, Mumma filed a Confession of

Judgment (Doc. 4) and the Clerk of Court entered the confessed judgment. (Doc. 5). After being served with this action and the confessed judgment, Pennsy filed multiple motions to attack the confessed judgment, including the instant Motion. Despite the motion practice, on August 17, 2010, Mumma filed a Praecipe for Writ of Possession upon Confessed Judgment. (Doc. 21).

Upon the receipt of the multiple motions and responses thereto, we scheduled a conference call with counsel for the parties to discuss the appropriate course of this action thereafter. We also directed the Clerk of Court not to issue a writ of possession pending further orders of Court. (Doc. 24). Following the August 23, 2010 conference call, Pennsy withdrew its Motion to Dismiss for Lack of Jurisdiction (Doc. 7), leaving the instant Motion for our consideration.

## II. STANDARD OF REVIEW

Courts in this Circuit apply the strong public policy favoring arbitration agreements, recognizing that such agreements are to be "rigorously enforce[d]." *In re Mintze*, 434 F. 3d 222, 229 (3d Cir. 2006); 9 U.S.C. §§ 1-16. In fact, public policy so strongly favors arbitration that courts will direct parties to arbitration even when a contract between them contains an ambiguous arbitration clause. *See* 9 U.S.C. §§ 1-16; *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior*

*Univ.*, 489 U.S. 468, 475, 476 (1989); *Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1272 (Pa. Super. 2004).

## III. DISCUSSION

Pennsy moves the Court to dismiss the current action in favor of an arbitration that is scheduled to commence in October 2010, arguing that the subject matter of the current action and the arbitration are identical. After a full review of the submissions, we are led to precisely the same conclusion.

The controversy underlying this action, as well as the pending arbitration, involves an alleged default by Pennsy under the August 15, 1995 Quarry Lease ("the Lease") that was originally executed by the Grantor Retained Annuity Trust ("GRAT") as Landlord and Pennsy as Tenant. GRAT then transferred the quarry to Mumma and his wife by deed dated June 30, 2000. Thereafter, Mumma and his wife transferred the quarry to Mann Realty by deed dated August 18, 2000. Finally, by written assignment dated July 1, 2010, Mann transferred all of the landlord's "right, title, and interest" under the Lease to Mumma individually.

The Lease contains a comprehensive arbitration clause that provides:

> Section 21.01. <u>Arbitration of Disputes</u>. All disputes at law or in equity arising under, as a result of, or in any way in connection with any provision of this Lease . . . which dispute is by and between any of the parties hereto or thereto, shall be resolved only by arbitration. Any remedy available to any party hereto, by virtue of law, equity or

3

the provisions of this Lease, may only be demanded, sought and procured, if appropriate, in an arbitration proceeding conducted in accordance herewith . . .No such dispute may be submitted to any court of law or equity in any jurisdiction for resolution. The arbitration required hereby shall be final and binding, and shall further be nonappealable for any reason.

Mumma alleges that the process by which Pennsy is calculating royalties due under the lease is incorrect. Specifically, Mumma has alleged that the proper "Base Year Price" ("BYP") under the royalty provisions in the lease was $4.50 per ton, but that Pennsy was using $4.69 per ton as the BYP. This alleged default by Pennsy is the subject of the arbitration that is set to commence in October 2010. The current action, commenced through a confession of judgment, is also brought pursuant to the 1995 Quarry Lease and pertains to Pennsy's alleged default under the Lease for paying the incorrect amount of royalties to the Landlord.

After a review of the submissions, particularly the exhibits filed by Pennsy, we are confident that the subject of this action is identical to the subject of the arbitration.[1] Moreover, because the instant dispute (which is identical to the dispute to be arbitrated) is brought pursuant to the Lease, it must be arbitrated in

---

[1] Plaintiff's argument that the October arbitration is moot since Pennsy now admits that Mumma is the Landlord under the lease (pursuant to Pennsy's withdrawal of the Motion to Dismiss alleging improper assignment), thus the arbitration commenced by Mann Realty is a nullity is specious and irresponsible. Inasmuch as Mann has assigned its rights under the Lease to Mumma, Mumma now stands in the shoes of Mann for purposes of the arbitration.

accordance with the Lease's arbitration clause.[2] Accordingly, we shall grant Pennsy's Motion and this action is dismissed in favor of arbitration. An appropriate Order shall issue.

---

[2] Despite Plaintiff's argument to the contrary, there is no provision in the lease that requires the Defendant to "expeditiously" seek arbitration. Thus Plaintiff's argument that because Defendant's did not move this dispute quickly enough to arbitration, his only course of action for correcting Pennsy's default was an action at law before this Court is unavailing.
5